UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY FREDRICK WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 21-1716 |
| NATIONSTAR MORTGAGE, LLC | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper's ("Nationstar") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff does not oppose the motion. Because plaintiff fails to allege facts sufficient to support his claim, the Court grants the motion.

## I.   BACKGROUND

This case involves a foreclosure of real property. Plaintiff owned a home in New Orleans, Louisiana.[2] On August 13, 2007, plaintiff signed a promissory note payable to Flagstar Bank, secured by a mortgage on his home.[3] Flagstar transferred its interest in Washington's mortgage and loan

---

[1]   R. Doc. 6.
[2]   R. Doc. 1-1 ¶ 6.
[3]   R. Doc. 6-2 (Exhibit A).

to Nationstar.[4]  In September 2015, Nationstar sought to foreclose on plaintiff's mortgaged property through a petition for executory process in Orleans Parish Civil District Court.[5]  Nationstar has submitted evidence indicating that on June 1, 2018, it transferred its interest in plaintiff's mortgage to U.S. Bank National Association as Trustee of the Tiki Series III Trust.[6]  Defendant also submitted evidence that on June 1, 2018, it transferred its servicing rights of the mortgage loan to BSI Financial Services.[7]  Nationstar did not seek to substitute U.S. Bank National Association as Trustee of the Tiki Series III Trust as the party-plaintiff in the foreclosure action until August 11, 2021.[8]  The court granted the substitution on August 24, 2021.[9]

Plaintiff represents that in March 2021, he sent a qualified written request ("QWR"), within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), to Nationstar, who he alleges was the servicer on plaintiff's mortgage.[10]  Plaintiff states that, in his QWR, he asked defendant

---

[4]   R. Doc. 1 ¶ 6.
[5]   *Id.* ¶ 7.
[6]   R. Doc. 6-2 at 25 (Exhibit D).
[7]   *Id.* at 21 (Exhibit C).
[8]   R. Doc. 6-1 at 2; *see also* R. Doc. 6-2 at 28-29 (Exhibit E).
[9]   R. Doc. 6-2 at 30 (Exhibit F).
[10]  R. Doc. 1-1 ¶¶ 6-7.

2

for "a modification retention related to [plaintiff's] delinquency."[11] He alleges that Nationstar did not respond to his request.[12] On May 19, 2021, Washington filed this lawsuit *pro se* against Nationstar in Orleans Parish Civil District Court, alleging that Nationstar violated RESPA by failing to respond to plaintiff's QWR.[13] In his complaint, plaintiff represents that his property was scheduled to go to a foreclosure sale the next day.[14] Plaintiff requested damages and injunctive relief preventing Nationstar from completing the foreclosure sale on May 20, 2021.[15]

On September 20, 2021, defendant removed plaintiff's action to this Court, invoking the Court's federal-question jurisdiction.[16] On October 5, 2021, defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's complaint.[17]

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft*

---

[11]    R. Doc. 1-1 ¶ 7.
[12]    *Id.* ¶ 9.
[13]    R. Doc. 1-1 (Exhibit A).
[14]    *Id.* ¶ 13.
[15]    *Id.* ¶ 15.
[16]    R. Doc. 1.
[17]    R. Doc. 6.

3

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.  *Brand*, 748 F.3d at 635. Here, defendant submits the following with its motion to dismiss: plaintiff's promissory note secured by the mortgage, documentation regarding the transfer of interest in the mortgage and loan, as well as the transfer of servicing rights, and fillings from the state-court foreclosure action.  Because these documents are attached to defendant's motion to dismiss, and are

4

central to the plaintiff's claims, the Court may consider these documents when ruling on defendant's 12(b)(6) motion.

Finally, courts construe briefs submitted by *pro se* litigants liberally, and a court will "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). But this does not mean that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).

## III. DISCUSSION

Plaintiff alleges that Nationstar violated section 2605(e) of RESPA by failing to respond to his Qualified Written Request ("QWR"), in which he requested loan-modification assistance. RESPA is a consumer protection statute that requires "any servicer of a federally related mortgage loan" to timely respond to a "qualified written request" from a borrower." 12 U.S.C. § 2605(e); *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 995 (5th Cir. 2019). A QWR is a correspondence that adequately identifies the borrower and provides reasons for the borrower's belief "that the account is in error or provides sufficient detail to the servicer regarding other

information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).  A QWR requires a response if it requests information "relating to the servicing" of a federally related mortgage loan.  12 U.S.C. § 2605(e)(1)(A).  The statute defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan," and "making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).

    Within 60 days of receiving a QWR, a loan servicer must (a) make appropriate corrections in the borrower's account; (b) provide the borrower with a written explanation of why the account is correct and whom the borrower may contact for further assistance; or (c) provide the borrower with the information requested, or a written explanation of why the information is unavailable or cannot be obtained by the servicer and whom the borrower may contact for further assistance.  12 U.S.C. § 2605(e)(2)(A)-(C).

    To state a claim under section 2605(e), plaintiff must sufficiently plead that his correspondence met the requirements of a QWR, that Nationstar failed to make a timely response, and that this failure caused him actual damages.  12 U.S.C. § 2605(e)(1)(A); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014) (per curiam).  Defendant contends that

plaintiff has failed to plausibly allege a claim under section 2605(e) because he has not alleged: (1) that the loan was a "federally related mortgage loan," (2) that he sent defendant a valid QWR that required a response, and (3) any actual damages arising from defendant's alleged RESPA violation.[18] The Court addresses each argument in turn.

    1.    *Federally Related Mortgage Loan*

First, defendant asserts that plaintiff's complaint must be dismissed because he has not alleged that his loan was a "federally related mortgage loan," and therefore lacks standing to assert a RESPA claim.[19] The statutory language of RESPA section 2605(e) explicitly provides that the "duty of [a] loan servicer to respond to borrower inquires" applies to "any servicer of a *federally related mortgage loan*." 12 U.S.C. § 2605(e) (emphasis added). Plaintiff's complaint does not specifically allege that his mortgage is federally related.

"[T]he Fifth Circuit has not yet determined whether a RESPA complaint must contain language that the mortgage at issue was a federally related mortgage loan in order to satisfy the pleading requirement for a RESPA claim under Rule 8(a)(2)." *Gauci v. HSBC Bank USA, N.A.*, No. 16-

---

18    R. Doc. 6-1 at 5-7.
19    *Id.* at 5.

7

95, 2017 WL 822797, at *4 (S.D. Miss. Mar. 2, 2017). Despite the lack of Fifth Circuit precedent, "several district courts within the Fifth Circuit have addressed the issue." *See LaBauve v. JP Morgan Chase Bank, N.A.*, No. 17-259, 2018 WL 1125660, at *3 & n.27 (M.D. La. Mar. 1, 2018) (collecting cases). These courts have held that a plaintiff who does not allege that his mortgage loan was federally related lacks standing to raise a RESPA claim, but that a "plaintiff's failure to plead that a mortgage is federally related does not merit dismissal with prejudice given the absence of Fifth Circuit jurisprudence on this issue." *Id.*; *see also Loraso v. JP Morgan Chase Bank, N.A.*, No. 13-4734, 2013 WL 5755638, at *8 (E.D. La. Oct. 23, 2013).

Here, the Court finds that, based on the statutory language of section 2605(e), plaintiff must allege that his mortgage is federally related in order to have standing under RESPA. That said, in light of the lack of controlling precedent, the Court agrees with the reasoned decisions of other district courts that have considered this issue, and grants plaintiff leave to amend his complaint to specifically allege that the mortgage is a federally related.

### 2. *A Qualified Written Request*

Plaintiff's complaint alleges that in March of 2021, his agent sent defendant a QWR "requesting a review for a modification retention option

8

relating to [his] delinquency."[20] His complaint further states that he "specifically . . . sought information from Defendant relating to the servicing of the loan by offering to enter into certain modification agreements."[21] Nationstar contends that the information plaintiff alleges to have requested from it does not relate to the "servicing" of his loan—*i.e.*, it does not dispute or request information about how his loan is being serviced—and instead amounts to a request for a loan modification.[22] And because information regarding a loan modification is not a QWR relating to the servicing of a loan, plaintiff's letter did not require a response.[23]

Here, plaintiff's description of the contents of his request to Nationstar revolve around his request for loan-modification options, and his offer "to enter into certain modification agreements."[24] Generally, written requests for loan modifications do not meet the definition of a QWR requiring a response because they do not dispute or request information about the servicing of a loan. *See Loraso*, 2013 WL 5755638, at *8 ("There is support among the courts in the Fifth Circuit . . . that a loan modification request does not constitute a QWR because it does not dispute or request information

---

[20] R. Doc. 1-1 ¶ 7.
[21] *Id.* ¶ 9.
[22] R. Doc. 6-1 at 5-6.
[23] *Id.*
[24] R. Doc. 1-1 ¶¶ 7-8.

9

about how a loan is being serviced."); *Chambers v. Citimortgage, Inc.*, No. 14-86, 2014 WL 1819970, at *4 (W.D. Tex. May 7, 2014) (holding that plaintiff's request "did not trigger any obligation to respond or halt credit reporting because the request did not relate to servicing of the loan or a payment dispute").

In addition to alleging that he requested a loan modification, Washington also broadly asserts that he sought "other information . . . relating to the servicing of [his] loan."[25] But plaintiff's complaint is devoid of any detail about what "other information" he requested, or how it might relate to the servicing of his loans. Viewed in the light most favorable to plaintiff, his alleged "other information" requests may have pertained to the servicing of his loan. Accordingly, the Court will grant plaintiff leave to amend his complaint to allege facts plausibly suggesting that he sought specific information related to the servicing of his loan.

### 3. *Damages*

Finally, Nationstar argues that plaintiff's complaint should be dismissed because he failed to specifically allege that he suffered actual

---

[25] *Id.* ¶ 8.

damages from defendant's alleged failure to respond to his written request.[26] A RESPA plaintiff ordinarily must plead and prove actual damages because in most cases, only actual damages are recoverable under RESPA. *See* 12 U.S.C. § 2605(f)(1)(A); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 946 (N.D. Ill. 2005). Moreover, plaintiff must allege that his actual damages occurred "as a result of" defendant's alleged failure to timely respond to his QWR. 12 U.S.C. § 2605(f)(1)(A).

Here, plaintiff asserts that, because Nationstar (1) failed to respond to his QWR, and (2) did not provide him with an opportunity to "cure defaults on the loan" or "dispose of [the] residence through a pre-foreclosure sale," it has "prematurely and improperly scheduled a foreclosure on plaintiff's property."[27] Consequently, he represents that he will suffer "irreparable harm" from the loss of his property if defendant is not enjoined from completing the foreclose sale.[28] It is unclear from plaintiff's complaint how the alleged damage—losing his home—resulted from Nationstar's failure to respond to plaintiff's purported QWR. Relatedly, given that it is also unclear what information plaintiff's letter requested that pertained to the servicing of his loan in the first place, the Court is unable to determine if plaintiff has

---

[26] R. Doc. 6-1 at 6-7.
[27] R. Doc. 1-1 ¶ 9.
[28] *Id.* ¶ 10.

11

alleged actual damages as a result of defendant's alleged unresponsiveness. The Court therefore grants plaintiff leave to amend his complaint to specify what damages he suffered as a result of Nationstar's failure to respond to his alleged QWR.

4.   *Request for Injunctive Relief*

As noted by Nationstar in its motion to dismiss, plaintiff's request for injunctive relief is moot, because the date of the foreclosure sale has already passed.[29]  Moreover, even if plaintiff's request was not moot, he has failed to show that he is entitled to the temporary injunction he seeks.  Plaintiff must establish a substantial likelihood of success on the merits of his claim to justify a preliminary injunction.  *Tex. Med. Providers v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012).   For the reasons stated above, plaintiff has not demonstrated a substantial likelihood of success on the merits of his RESPA claim, and accordingly is not entitled to injunctive relief.

---

[29]   R. Doc. 6-1 at 3 & n.12.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. The Court ORDERS that plaintiff has leave to amend his complaint to remedy the deficiencies discussed in this Order. Plaintiff must file his second amended complaint within fourteen (14) days from the date of this Order.

New Orleans, Louisiana, this __10th__ day of January, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE